place as he may determine upon ten days notice to parties litigant or their attorneys, as provided by an order passed by the judge of the superior court presiding in said Burke county on May 24th, 1893; or if not heard in pursuance of said order, it will be heard at the courthouse of said Burke county during the December term, 1893, of the superior court of said county, or at such other time and place as said court may direct." The *certiorari* was dismissed for want of due notice of sanction and of time and place of hearing. The order of dismissal was assigned as error, because: (1) It did not appear from the writ that the *certiorari* was returnable to the May term, 1893, and the notice was given in time for the December term, 1893. (2) The answer not being filed till the May term, 1893, the case could not be heard at that term, and notice was not necessary until the time for hearing had been determined.

E. H. CALLAWAY, for plaintiff in error.
JOHNSTON & BRINSON, *contra.*

---

DORSETT *v.* HOULIHAN *et al.*

SIMMONS, C. J.—Where by the terms of a trust deed it was provided that the trustee should receive for his services in selling and conveying the property described in the deed and executing the trust ten per cent. of the proceeds of the sale, " which commission for said trustee it is agreed . . . is a proper and reasonable commission, taking into consideration the circumstances of the property hereby conveyed," and where the trustee employed another person as auctioneer to conduct a sale of the property and a sale was made by the latter, which failed of consummation because of the inability of the purchaser to pay for the property, and thereafter another sale was made by the auctioneer, which was fully completed, then even if the trustee, after retaining his full compensation under the deed, had the right to pay the auctioneer for his services any commission at all out of the balance of the proceeds of the sale, certainly the latter was not entitled, as against the trust estate, to receive out of such balance his commissions upon both sales. If, after allowing the trustee his ten per cent.,

any further charge of commissions against the trust estate was lawful, it was going quite far enough to charge it with the commissions of the auctioneer for making the second sale.

January 28, 1895.　　　　　　　　　　　　　　*Judgment affirmed.*

Petition. Before Judge Falligant. Chatham superior court. June term, 1894.

A deed to secure a loan of money was made by Thomas Houlihan and Mary Houlihan. It contained a power of sale upon default in payment, and the further provision recited in the head-note. Under proceedings in the superior court, a decree of foreclosure was rendered, whereby McLaws, as trustee, was ordered to make public sale of the property conveyed in the deed. Under this decree he advertised the property for sale on the first Tuesday in May, 1894, and on that day caused the sale to be made by Dorsett, an auctioneer employed by him for that purpose, and the property was knocked down to Martin Houlihan for $4,550. Upon being called on, after the legal hours of sale, to carry out his purchase, Martin Houlihan informed the trustee that he did not intend to pay for the property, but had bid upon it at the request of and for Thomas Houlihan. The trustee thereupon readvertised the property for sale on the first Tuesday in June, 1894, at the expense of Martin Houlihan, on which day it was again sold by the same auctioneer and knocked off to one Kelly for $4,525. This sale was duly confirmed by the superior court, upon petition of the trustee setting forth the foregoing facts. Dorsett demanded of the trustee commissions amounting to $226.88, half of that sum being for conducting the first sale and the other half for the second sale; which sum was included in the bill of expenses presented to the court by the trustee. Thomas Houlihan brought his petition, alleging that the auctioneer was not entitled to any commission for the attempt to sell in May, but only for the sale in June; and praying that

the bill of expense be reduced to the extent indicated. The petition was granted, notwithstanding the facts stated in the answer of Dorsett, which were admitted to be true. These facts were, in brief, that Dorsett duly exerted himself before and at each of the sales, did all in his power to make the property bring the fullest price obtainable, discharged his whole duty as auctioneer, and thereby earned his legal and usual commission for each sale; that it is the established custom of auctioneers in the city of Savannah (where the sale took place) to charge their commissions upon such sales whether the purchase money is paid or not; that Martin Houlihan stood well, and Dorsett believed him to be perfectly responsible and felt safe in knocking down the property upon his bid, without any thought that there was any combination between him and the petitioner, or that the purchase money would not be paid; that Dorsett was wholly without fault, and if the property was not sold at the first sale so as to relieve the estate in the hands of the trustee from liability for two sales, this was the result of an arrangement between the petitioner and Martin Houlihan; and that while Martin Houlihan may be liable to the estate for one commission and the expense of resale, he did not employ Dorsett and is not liable to him.

Charles N. West, for plaintiff in error.
Barrow & Osborne, contra.

---

Sawyer v. Kenan.

Simmons, C. J.—The action being for the recovery of certain calves, and the evidence for the plaintiff at most only showing that the defendant's agent by mistake marked one or more calves belonging to the plaintiff in the defendant's mark, and it being further shown that after this had been done the calf or calves so marked remained in the plaintiff's possession, and there being no evidence that any of the calves sued for were ever thereafter taken posses-